(104 So. 921)

Bill GOODWIN v. STATE. (6 Div. 612.) (Court of Appeals of Alabama. May 12, 1925.) Appeal from Circuit Court, Walker County; Ernest Lacy, Judge. Abusive language.

RICE, J. Appeal dismissed.

(102 So. 921)

Carrie Lee GORDON v. STATE. (8 Div. 199.) (Court of Appeals of Alabama. Feb. 3, 1925.) Appeal from Morgan County Court; W. T. Lowe, Judge. Violating prohibition law.

SAMFORD, J. Appeal dismissed.

(100 So. 924)

Willie GRIFFIN v. STATE. (6 Div. 521.) (Court of Appeals of Alabama. June 10, 1924.) Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge. Manslaughter, first degree.

FOSTER, J. Appeal dismissed on motion of appellant.

(102 So. 921)

Boss GRIFFIN v. STATE. (1 Div. 571.) (Court of Appeals of Alabama. Dec. 16, 1924.) Appeal from Circuit Court, Monroe County; John D. Leigh, Judge. Manslaughter in first degree.

SAMFORD, J. We have examined this record, and find no questions, raised by exception or otherwise, which require discussion. There is no error in the rulings of the court on the admission of testimony, and no error in the record. The judgment is affirmed.

(104 So. 921)

Columbus GRIGGS v. STATE. (4 Div. 45.) (Court of Appeals of Alabama. April 21, 1925.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

BRICKEN, P. J. From a judgment of conviction for the offense of vagrancy, defendant appealed. The cause is submitted upon the record proper, there being no bill of exceptions. The record is regular in all respects and free of error; therefore the judgment of the circuit court is affirmed. Affirmed. See, also, 19 Ala. App. 517, 98 So. 490.

(102 So. 921)

George GURLEY v. STATE. (7 Div. 65.) (Court of Appeals of Alabama. Feb. 3, 1925.) Appeal from Circuit Court; Talladega County; S. W. Tate, Judge. Selling mortgaged property.

SAMFORD, J. Affirmed.

(100 So. 924)

Wed GWIN v. STATE. (6 Div. 401.) (Court of Appeals of Alabama. May 13, 1924.) Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge. Distilling.

SAMFORD, J. Appeal dismissed.

(100 So. 924)

Nathan H. GWIN v. STATE. (6 Div. 402.) (Court of Appeals of Alabama. May 13, 1924.) Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge. Distilling.

FOSTER, J. Appeal dismissed.

(100 So. 924)

Jim HAMMOND v. STATE. (8 Div. 212.) (Court of Appeals of Alabama. June 3, 1924.) Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge. Possessing a still.

FOSTER, J. Appeal dismissed.

(102 So. 921)

Rozella HARRIS v. STATE. (5 Div. 538.) (Court of Appeals of Alabama. Nov. 25, 1924.) Appeal from Circuit Court, Elmore County; George F. Smoot, Judge. Violating prohibition law.

SAMFORD, J. Appeal dismissed.

(104 So. 921)

W. M. HARRIS v. STATE. (4 Div. 74.) (Court of Appeals of Alabama. April 21, 1925.) Appeal from Circuit Court, Covington County; W. L. Parks, Judge. False pretense.

BRICKEN, P. J. The court's rulings on the demurrer to the indictment are without error. This appeal is upon the record proper. This record is regular in all respects. The judgment of conviction appealed from will stand affirmed.

(104 So. 921)

C. W. HARRISON v. STATE. (7 Div. 156.) (Court of Appeals of Alabama. June 9, 1925.) Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge. Violating prohibition law.

SAMFORD, J. There is no bill of exceptions, and, no error appearing in the record, the judgment is affirmed.

(100 So. 924)

Carl HAYES v. STATE. (6 Div. 457.) (Court of Appeals of Alabama. May 20, 1924.) Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

BRICKEN, P. J. At the January term, 1923, the grand jury found and returned into open court an indictment against this appellant, charging in count 1 the larceny of one five-passenger Ford automobile, of the value of $500, the personal property of Lucien Thompson. Count 2 charged that he did buy, receive, conceal, etc., said automobile, knowing that it was stolen, and not having the intent to restore it to the owner. He was convicted by the jury under count 2, and was sentenced by the court in conformity to law. He appeals to this court, and the appeal is upon the record only, there being no bill of exceptions. It is the duty of this court to consider all questions apparent in the record. This we have done, and, finding no errors, the judgment appealed from is affirmed. Affirmed.